UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY ROBERT STARNES,

    Plaintiff,

v.                                                      CASE NO. 6:09-cv-6-Orl-35GJK

STATE OF FLORIDA,

    Defendant

## **ORDER**

Plaintiff, proceeding *pro se*, filed a document titled, "Motion for Writ of Mandamus." *See* Doc. No. 1. In the document, Plaintiff complained of certain action that has occurred in his state court criminal case. *Id*. Because it was unclear whether Plaintiff was seeking to file a petition for writ of mandamus, a petition for habeas corpus, or a civil rights complaint, he was ordered to notify the Court of the statutory basis for this action. *See* Doc. No. 2. Plaintiff has since responded by filing another document titled, "Motion for Writ of Mandamus," in which he requests the Court to (1) disqualify the trial judge proceeding over his state court criminal case in the Seventh Judicial Circuit Court of Florida in and for Volusia County, (2) disqualify his public defender, (3) order the trial court to allow him to represent himself, (4) prohibit the prosecutor from objecting to his questions, and (5) allow him to exercise his right to free speech. *See* Doc. No. 3.

Federal Rule of Civil Procedure 81(b) indicates that the writ of mandamus is abolished. However, 28 U.S.C. § 1361 provides that the district courts shall have jurisdiction of any action in the nature of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Mandamus relief is only available to compel an officer of the United States to perform a duty when (1) the petitioner has a clear right to the relief; (2) the respondent has a clear duty to act; and (3) no other adequate remedy is available. *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980); *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986).

This Court is without authority to grant the relief that Plaintiff seeks. It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Lamar v. 118th Judicial Dist. Court*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. Tenn.*, 421 F.2d 1384 (6th Cir. 1970); *Clark v. Wash.*, 336 F.2d 678, 681-82 (9th Cir. 1966); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981), *aff'd* 673 F.2d 1337 (9th Cir. 1982); *Lessard v. Wisc.*, 449 F. Supp. 914, 915 (E. D. Wis. 1978). As such, this Court does not have jurisdiction to compel the state trial court and its judicial officers to perform the actions sought by Plaintiff.

Moreover, federal courts cannot intervene in ongoing state court criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971); *see also Hicks v. Miranda*, 422 U.S. 332, 339 (1975). Plaintiff has not demonstrated special circumstances warranting this Court's intrusion into his pending state court proceedings. *See Hughes v. The Eleventh Judicial Circuit of Florida*, 377 F.3d 1258, 1262-63 (11th Cir. 2004) (recognizing that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised).

Accordingly, it is **ORDERED**:

1. The Motion for a Writ of Mandamus (Docs. No. 1, 3) is **DENIED**, and the above-styled case is hereby **DISMISSED**.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 2nd day of February 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 2/2
Anthony Robert Starnes